NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1687-15T4

IN THE MATTER OF JOHN
HUGATE, DEPARTMENT OF
TRANSPORTATION.

——————————————————————————————

 Submitted June 6, 2017 – Decided July 17, 2017

 Before Judges Gilson and Sapp-Peterson.

 On appeal from the New Jersey Civil Service
 Commission, Docket No. 2015-1715.

 Kamensky, Cohen & Riechelson, attorneys for
 appellant John Hugate (Mark D. Laderman, on
 the brief).

 Christopher S. Porrino, Attorney General,
 attorney for respondent Department of
 Transportation (Melissa H. Raksa, Assistant
 Attorney General, of counsel; Nonee Lee
 Wagner, Deputy Attorney General, on the
 brief).

 Christopher S. Porrino, Attorney General,
 attorney for respondent Civil Service
 Commission (Pamela N. Ullman, Deputy Attorney
 General, on the statement in lieu of brief).

PER CURIAM
 John Hugate appeals from a final administrative determination

of the Civil Service Commission (Commission) that found that the

Department of Transportation (DOT) had properly suspended and then

terminated Hugate's employment because he threatened his

supervisor and threatened to shoot a co-worker. We affirm.

 Hugate was employed as an automotive mechanic for the DOT

from 2004 to 2013. In 2013, Hugate felt that his supervisors and

co-workers were harassing him. A supervisor and some of Hugate's

co-workers, in contrast, believed that Hugate was not performing

his job duties and was engaging in threatening conduct.

 On June 6, 2013, Hugate was asked to meet with Richard

Lawrence, who was one of his supervisors, and Steven Kryzwicki,

who was the president of the local union. At that meeting, Hugate

was told that either he could resign or criminal charges would be

brought against him. Hugate refused to resign and believed he had

done nothing wrong. Hugate secretly recorded the meeting.

 Following the June 6, 2013 meeting, Hugate suffered from

stress and depression and took a two-month leave of absence from

work. Hugate returned to work on August 2, 2013.

 On August 6, 2013, James Caffey, a co-worker, informed Hugate

that their immediate supervisor would be on leave and Lawrence

would be supervising him. Caffey testified that Hugate told him

"if [Lawrence] hounds me all day, I'm going to end up hurting

 2 A-1687-15T4
him." Caffey reported that statement and a workplace violence

incident report was later filed with the DOT's Office of the

Inspector General.

 On August 30, 2013, Hugate was informed that he would be

working in the garage and that the state vehicle that he normally

drove would not be available to him. Therefore, Dean Gephart, who

was another supervisor, told Hugate that Kryzwicki would be taking

him home to pick up his own vehicle. According to Gephart, Hugate

responded that problems would develop and he would shoot Kryzwicki

and drag him into the house. Gephart reported that threat.

 Based on the reported threats, Hugate was suspended without

pay. Thereafter, the DOT determined that Hugate should be removed

from his employment. Hugate challenged that decision and the

matter was referred to the Office of Administrative Law for a

contested hearing. An administrative law judge (ALJ) heard four

days of testimony.

 The ALJ found that Caffey and Gephart were credible and based

on their testimony found that Hugate had threatened Lawrence on

August 6, 2013, and that Hugate had also threatened to shoot

Kryzwicki on August 30, 2013. The ALJ found that the conduct

constituted a major disciplinary action warranting Hugate's

removal from employment.

 3 A-1687-15T4
 During the contested hearing, the ALJ also heard testimony

from Lawrence and Kryzwicki. The ALJ found their testimony to be

incredible. The ALJ also found, however, that that testimony did

not undercut the facts that Hugate had made the threats.

 Hugate filed an administrative appeal to the Commission. On

November 9, 2015, the Commission issued a final agency decision.

The Commission adopted the fact-findings made by the ALJ. The

Commission then reviewed the disciplinary penalties de novo and

found that Hugate had been appropriately disciplined with a

fifteen-day suspension for the threat against Lawrence and with

termination for the threat to shoot a co-worker.

 On appeal, Hugate makes two arguments. First, he contends

that the Commission's decision was arbitrary, capricious, or

unreasonable and was not supported by sufficient credible evidence

in the record. Second, he argues that the Commission erroneously

applied progressive discipline and he should not have been

terminated. We disagree.

 Our review of a final agency decision is limited, and we "do

not ordinarily overturn such a decision 'in the absence of a

showing that it was arbitrary, capricious or unreasonable, or that

it lacked fair support in the evidence[.]'" In re Carter, 191

N.J. 474, 482 (2007) (quoting Campbell v. Dep't of Civil Serv.,

39 N.J. 556, 562 (1963)). Moreover, we may not substitute our

 4 A-1687-15T4
judgment for that of the agency's when "substantial credible

evidence supports [the] agency's conclusion[.]" Greenwood v.

State Police Training Ctr., 127 N.J. 500, 513 (1992). To determine

whether an agency action is arbitrary, capricious, or

unreasonable, we examine

 (1) whether the agency's action violates
 express or implied legislative policies, that
 is, did the agency follow the law;

 (2) whether the record contains substantial
 evidence to support the findings on which the
 agency based its action; and

 (3) whether in applying the legislative
 policies to the facts, the agency clearly
 erred in reaching a conclusion that could not
 reasonably have been made on a showing of the
 relevant factors.

 [In re Stallworth, 208 N.J. 182, 194 (2011)
 (quoting Carter, supra, 191 N.J. at 482-83).]

 Deference to agency decisions applies to the review of

disciplinary sanctions. In re Herrmann, 192 N.J. 19, 28 (2007).

"In light of the deference owed to such determinations, when

reviewing administrative sanctions, 'the test . . . is "whether

such punishment is so disproportionate to the offense, in light

of all the circumstances, as to be shocking to one's sense of

fairness."'" Id. at 28-29 (alteration in original) (quoting In

re Polk, 90 N.J. 550, 578 (1982)). "The threshold of 'shocking'

the court's sense of fairness is a difficult one, not met whenever

 5 A-1687-15T4
the court would have reached a different result." Id. at 29.

Accordingly, we will modify a sanction "when necessary to bring

the agency's action into conformity with its delegated authority."

Id. at 28 (quoting Polk, supra, 90 N.J. at 578). Moreover, we

will affirm a sanction that is not illegal or unreasonable. Ibid.

 Applying these principles, we are satisfied that there is no

basis to reverse the Commission's decision sustaining appellant's

suspension and removal. A civil service employee's rights and

duties are governed by the Civil Service Act (the Act), N.J.S.A.

11A:1-1 to 12-6. A civil service employee may be subject to major

disciplinary action for a variety of offenses. See N.J.A.C. 4A:2-

2.3 (enumerating general causes for discipline). In such major

disciplinary actions, the employer has the burden of proof by a

preponderance of the evidence. N.J.A.C. 4A:2-1.4; Polk, supra,

90 N.J. at 560.

 Here, the Commission adopted the ALJ's findings of fact that

Hugate had threatened both a supervisor and a co-worker on two

separate occasions. Those findings were supported by the

substantial credible testimony of Caffey and Gephart. Indeed, the

ALJ found that both Caffey and Gephart testified credibly.

 The Commission also found that Hugate had a "disturbing

propensity for violent threats," and that his threat to shoot a

co-worker was sufficiently egregious to support the penalty of

 6 A-1687-15T4
removal. Terminating Hugate's employment was not disproportionate

to the offense, in light of the circumstances, and does not rise

to the level of shocking the court's sense of fairness.

Accordingly, we find no basis for disturbing the Commission's

decision to affirm the DOT's suspension and removal of Hugate.

 In that regard, we note that progressive discipline is not

"'a fixed and immutable rule to be followed without question'

because 'some disciplinary infractions are so serious that removal

is appropriate notwithstanding a largely unblemished prior

record.'" Stallworth, supra, 208 N.J. at 196 (quoting Carter,

supra, 191 N.J. at 484). Thus, we discern no abuse of discretion

in the Commission's conclusion that Hugate's conduct warranted his

removal.

 Affirmed.

 7 A-1687-15T4